**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KYLE RAINEY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 01-623** |
| | : | |
| **BEN VARNER, *et al*** | : | |

<u>**MEMORANDUM AND ORDER**</u>

**Savage, J.**                                                        **February 21, 2008**

Kyle Rainey, a state prisoner serving a life sentence for first degree murder, has filed a petition for a writ of *habeas corpus* raising six claims alleging a variety of constitutional violations during his trial and the appellate process.  Five claims are procedurally defaulted.  The one exhausted claim, raising the ineffectiveness of trial and appellate counsel for failing to challenge the jury verdict as against the sufficiency of the evidence, does not warrant *habeas* relief because Rainey suffered no prejudice as the result of any failure of counsel. Therefore, the petition will be dismissed.

**Factual and Procedural History**

On June 1, 1994, Rainey and three accomplices robbed a jewelry store.  During the robbery, co-defendant Nathan Riley shot and killed the shop owner, Sun Yoo Kang.  On June 17, 1994, Riley surrendered to police and gave a written statement to Detective Albert Maahs in which he admitted to taking part in the robbery and firing the fatal shot.

The shop owner's wife and another eyewitness later identified Rainey from a photo array as a participant in the crime.  On the strength of the identifications, the police obtained a search warrant for Rainey's residence.  Executing the search warrant, the police recovered merchandise taken from Kang's jewelry store and bullet casings which matched

those used in the robbery.  Rainey was eventually arrested along with accomplice Darrell Wallace.

On May 22, 1995, a jury convicted Rainey of first degree murder, robbery, aggravated assault, criminal conspiracy, recklessly endangering another person, possessing an instrument of crime, and carrying a firearm in public.  The jury deadlocked on whether to impose a death sentence.  Rainey was later sentenced to mandatory life in prison on the murder conviction and to a consecutive aggregate term of 6 - 12 years on the robbery and aggravated assault convictions.

In his timely counseled direct appeal, Rainey raised six issues.  The questions presented on direct appeal were:

1.     His motion for severance was improperly denied;

2.     The trial court erred in denying his motion to limit the examination of a testifying co-defendant regarding "prior bad acts";

3.     The trial court improperly permitted a witness to testify to an oral statement given by a co-defendant;

4.     The trial court improperly permitted the prosecution to introduce into evidence a prior photographic identification during the re-direct examination of a witness;

5.     The trial court improperly denied his request for funds to hire a handwriting examiner; and,

6.     The prosecution routinely and improperly exercised peremptory strikes against prospective African-American jurors.

The Pennsylvania Superior Court, determining that the claims were meritless, affirmed the judgment of sentence on October 15, 1997.  The Pennsylvania Supreme Court denied *allocatur* on May 26, 1998.  Thus, Rainey's conviction became final on August 24, 1998, at the conclusion of the time he had to seek discretionary review with the United

States Supreme Court.

On October 21, 1998, Rainey filed a *pro se* Post Conviction Relief Act (PCRA) petition which was denied  after his appointed counsel submitted a "*Finley* letter."[1]  Rainey then appealed *pro se* to the Superior Court, raising three issues: (1) counsel for co-defendant Wallace elicited perjured testimony from Commonwealth witness Detective Maahs and the Commonwealth committed prosecutorial misconduct by not correcting the alleged false testimony; (2) the trial court's jury instructions on the issue of accomplice liability were erroneous; and (3) both trial and appellate counsel were ineffective for failing to raise, in post-verdict motions and on direct appeal, that the verdict was against the weight of the evidence.  The Superior Court rejected the appeal on September 11, 2000, finding that the first two issues were waived because they had not been previously raised, and the third issue was meritless.

Rainey did not seek *allocatur* with the Pennsylvania Supreme Court.[2]  Therefore, because the time to seek discretionary review with the United States Supreme Court started running when the Superior Court issued its decision, his PCRA became final on December 11, 2000.

### The Petition for Writ of *Habeas Corpus*

Rainey's timely *pro se habeas* petition raises six claims that are similar to those

---

[1] A *Finley* letter, also known as a "no merit" letter, is a letter brief submitted by counsel to the PCRA court explaining that there are no meritorious issues.  *See Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super.  Ct.  1998).

[2] On May 9, 2000, the Pennsylvania Supreme Court issued an order declaring that a prisoner need not seek *allocatur* with the Pennsylvania Supreme Court for his claims to be deemed exhausted.  PA. R. APP. P. 1114, *as amended by In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218 of Supreme Court Judicial Admin. Docket No. 1 (May 9, 2000) (per curiam).  Therefore, the Pennsylvania Superior Court's opinion denying the petitioner's PCRA petition is the final decision of the Pennsylvania courts.

presented in the state court.[3]  They are: (1) the trial court erred in denying a severance; (2) the trial court failed to limit the examination of a testifying co-defendant with respect to the co-defendant's "prior bad acts"; (3) the trial court improperly permitted a witness to testify to an oral statement given by a co-defendant without giving a limiting instruction; (4) the Commonwealth committed prosecutorial misconduct in failing to correct the perjured testimony of Detective Maahs; (5) the jury instruction regarding accomplice liability was improper; and, (6) trial and appellate counsel were ineffective for failing to raise the issue that the verdict was against the weight of the evidence.  For the first time, in his third contention, he contends the trial court failed to give a limiting instruction after admitting the detective's testimony regarding the oral statement.  His fourth, fifth and sixth points were not raised in his direct appeal.  However, they had been presented in his PCRA petition and his appeal to the Superior Court from the denial of his first PCRA.

The *habeas* petition was referred to a magistrate judge for a report and recommendation.  He recommended dismissing the first five claims as procedurally defaulted, and granting the writ and ordering a new trial on the ineffective assistance of counsel claim.  After Rainey and the respondents filed objections to the Report and Recommendation, oral argument was heard.

The Commonwealth objects to the magistrate judge's recommendation that the writ be granted, arguing that he applied the wrong standard in analyzing the ineffective

---

[3] The petitioner's Antiterrorism and Effective Death Penalty Act (AEDPA) clock started ticking on August 26, 1998.  He filed his PCRA petition in state court on October 21, 1998, 61 days after the time started running, stopping the AEDPA clock.  Time resumed running on December 11, 2000, when the time the petitioner had to seek review of the denial of his PCRA petition with the United States Supreme Court expired.  At that point, petitioner had 304 days in which to file a timely *habeas* petition.  Thus, the petition, filed on February 2, 2001, was within the permissible time.

assistance of counsel claim.  The Commonwealth also contends that Rainey's "second"

ineffective assistance claim is a new claim that can not be raised now.

### Exhaustion and Procedural Default

A federal court cannot grant a state prisoner *habeas* relief until he has exhausted

his remedies in the state court, having given the state courts a "full and fair opportunity" to

decide the issues first.  *O'Sullivan v. Boerkel*, 526 U.S. 838, 842, 845 (1999); 28 U.S.C.

§ 2254(b)(1)(A).  Exhaustion requires that a petitioner "fairly present" his federal claims at

all state court levels so that the state court has an opportunity to rule on the factual and

legal merits of the claims.  *Cristin v. Brennan*, 281 F.3d 404, 410 (3d Cir. 2002).  The state

must be aware that it is being called on to address a federal claim.  *McCandles v. Vaughn*,

172 F.3d 255, 261 (3d Cir. 1999).

Procedurally defaulted claims are those that have never been raised in a collateral

state court proceeding and are now procedurally barred by state law from being considered

on the merits in state court.  *Villot v. Varner*, 373 F.3d 327, 334 (3d Cir. 2004).  There is

no question that if Rainey were to file a new PCRA petition, it would be untimely and his

new claims would not be examined on their merits.  Rainey concedes that the five claims

identified by the magistrate judge as procedurally defaulted were not  presented to the

state court in a timely PCRA petition and were not preserved for federal review.[4]  However,

to overcome this impediment, he seeks to recharacterize his original claim that the trial

court had improperly permitted a witness to testify to an oral statement given by a co-

defendant as an ineffective assistance of counsel claim premised on trial counsel's failure

---

[4]*Objections to the Report and Recommendation of United States Magistrate Judge* (Document No. 28) at 2 ("*Pet. Objections*").

to object to the testimony or request a limiting instruction.  *Id.*  Acknowledging that this claim was not presented to the state court as an ineffective assistance of counsel claim, he argues that the claim had been fairly presented to the state court and may now be examined on its merits because the Superior Court ruled on the original claim in the context of trial counsel's failure to request a limiting instruction.

Raising a new claim at this late stage implicates AEDPA's one-year limitation period and exhaustion requirement.[5]  Because the petitioner now frames the claim raised in the original petition as one based on ineffective assistance of counsel rather than trial court error, it may be considered only if it properly relates back to the filing date of the original petition to satisfy AEDPA's one-year limitation.

Rule 15 of the Federal Rules of Civil Procedure applies to *habeas* petitions.  *Riley v. Taylor*, 62 F.3d 86, 89 (3d Cir. 1995).  In the absence of undue delay, bad faith or dilatory motive, leave to amend under FED. R. CIV. P. 15(a) is freely given.  *Forman v. Davis*, 371 U.S. 178, 182 (1962).  Nevertheless, amendments in the *habeas* context must be examined in light of AEDPA's one-year limitations period.  *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999).  Liberally granting leave to amend in *habeas* cases would frustrate Congressional intent to limit presentation of *habeas* claims to one year.  *Id.* Therefore, although an amendment clarifying a federal *habeas* claim may be permitted, an amendment raising a completely new claim cannot be deemed timely under the relation back provision of Rule 15(c).  *Id.*

Where an ineffective assistance of counsel claim arises out of the same facts as the

---

[5] Implicit in petitioner's argument is a motion to amend his original petition.

original claim, the ineffective assistance of counsel claim relates back to the original claim and is timely under AEDPA. *Duffus*, 174 F.3d at 337 (quoting *U.S. v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)).  Rainey's newly characterized ineffective assistance of counsel claim arises out of the same set of facts as the originally asserted evidentiary claim.

Even though the new ineffective assistance of counsel claim relates back, it is still subject to AEDPA's exhaustion requirement.  The onus is on the petitioner to demonstrate that he exhausted his claim.  *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).  Both the original claim and the newly characterized claim involve the same core facts – the admission, without objection or a limiting instruction, of the testimony of Detective Maahs regarding a co-defendant's oral statement implicating Rainey.  However, the claim Rainey now presents is substantially different from the one he raised in the state court and in his *habeas* petition.  The original claim challenged both the evidentiary ruling and the absence of a limiting instruction by the trial judge.  It was a claim of trial court error.  Now, Rainey seeks to assert counsel's ineffectiveness in failing to request the limiting instruction, an entirely new theory.

The claims are distinct.  Exhaustion of one does not exhaust the other.  *Willis v. Vaughn*, No. 01-1453, 2002 WL 31108917, at *3 (3d Cir. Sept. 19, 2000).  Hence, because the claim that trial counsel was ineffective for failing to object to the admission of Detective Maahs' testimony or to request a limiting instruction had never been presented to the state court, it has not been exhausted and is procedurally defaulted.

All of Rainey's procedurally defaulted claims are barred unless he can demonstrate cause for the default and resulting actual prejudice, or that a fundamental miscarriage of justice will result if the claims are not considered.  *Cristin*, 281 F.3d at 410-12.

7

Demonstrating cause requires a showing that some objective factor, other than one attributable to the defense, prevented the petitioner from complying with state procedural requirements. *Cristin*, 281 F.3d at 412.[6]  To show cause, a petitioner must identify an impediment beyond his and his attorney's control which prevented compliance with the state's procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Prejudice exists where there is a "reasonable probability" that the petitioner may not have been convicted. *Strickler v. Greene*, 527 U.S. 263, 289-90 (1999).  The petitioner must show that he was deprived of "fundamental fairness" at trial as a result of the alleged violation of federal law. *Murray,* 477 U.S. at 494.  "Actual prejudice" may result from alleged trial errors that "so infected the entire trial that the resulting conviction violated due process." *United States v. Frady*, 456 U.S. 152, 168-69 (1982).

Even if a petitioner cannot demonstrate cause and prejudice to overcome his procedural default, a defaulted claim may still be considered to avoid a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).  To satisfy this exception, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The fundamental miscarriage of justice threshold requires the prisoner to demonstrate factual innocence through the presentation of new evidence. *Keller v. Larkins*, 251 F.3d 408, 415-16 (3d Cir. 2001).  He must show that the evidence could not

---

[6] A petitioner may also avoid procedural default if the Pennsylvania courts would consider the merits of a claim despite the fact that a petitioner did not comply with the state's procedural requirements. *Hull v. Kyler*, 190 F.3d 88, 103 (3d Cir. 1999).  However, because the state courts have given no indication that they would consider the merits of the petitioner's claims, the waiver argument is inapplicable here.

have been discovered before the time for presenting it to the state court had expired.  *Id.*

Whether a petitioner is actually innocent involves a factual inquiry into his guilt and the burden is on the petitioner to produce new evidence that would exonerate him.  *Cristin*, 281 F.3d at 420, 422.  The actual innocence standard requires a petitioner to persuade "the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

The petitioner has offered no basis to excuse his procedurally defaulted claims.  He has not attempted to explain or identify an objective factor, other than his counsel's failures, which prevented him from satisfying Pennsylvania's procedural requirements.  Similarly, he has not proffered any new evidence that would absolve him of guilt, triggering the miscarriage of justice exception.

Where a petitioner fails to establish cause, a *habeas* court need not consider the prejudice requirement.  *Engle v. Isaac,* 456 U.S. 107, 134 n. 43 (1982).  Hence, because Rainey has not demonstrated cause for his failure to present five of his six claims properly in the state court, it is not necessary to address the prejudice component.

Applying these principles, I agree with the magistrate judge that five of Rainey's six claims are procedurally defaulted.  Rainey's newly characterized ineffective assistance of counsel claim does not relate back to the filing of the original *habeas* petition; and, even if it did, the claim is unexhausted and procedurally defaulted.

### Ineffective Assistance of Counsel Claim

Rainey's remaining claim involves the important distinction between the sufficiency and the weight of the evidence, and the difference between first degree and second degree

murder in Pennsylvania.

Rainey claims his trial and appellate counsel were ineffective for failing to challenge the sufficiency of the evidence to support his first degree murder conviction. The Commonwealth argues that because he never posed the underlying question as one of sufficiency, but rather weight, he is precluded from doing so now.

The distinction is critical. A sufficiency of the evidence claim is a cognizable federal constitutional claim. *Jackson v. Virginia*, 443 U.S. 307 (1979).[7] A weight of the evidence claim, on the other hand, is not. *Tibbs v. Florida*, 457 U.S. 31 (1982).

Even if Rainey's use of the word "weight" rather than "sufficiency" can be explained by his *pro se* status at the time, he must still overcome the exhaustion threshold. A *habeas* court cannot review an issue the state court did not have the opportunity to consider. Thus, if the state court, despite the words it used, considered the ineffectiveness issue in the context of sufficiency rather than weight or had the opportunity to do so, Rainey's claim would be cognizable on *habeas* review.

In his form Motion for Post Conviction Collateral Relief, Rainey specified that he was raising, among other issues, his trial counsel's ineffectiveness and "the weight of the evidence." Clarifying his contention in the portion calling for the factual bases of his claims, he made clear he was challenging the sufficiency of the evidence of shared intent. He wrote, "The evidence failed to establish that a shared specific intent to kill existed."[8]

_____

[7]The test on habeas review when the petitioner claims his conviction rests on insufficient evidence was formulated by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). The court reiterated the principle that due process requires that a person can be convicted only if every element of the crime has been established beyond a reasonable doubt; and where a prisoner challenges the sufficiency of the evidence to support his state conviction, he states a federal constitutional claim. *Id.* at 321-22.

[8]PCRA Mot. p. 3.

This contention goes to sufficiency and not weight.  Despite what he meant and stated, Rainey mislabeled the underlying issue as the weight, not the sufficiency, of the evidence.

Rainey did the same in his brief to the Superior Court where he explicitly framed the issue in sufficiency terms.  He contended that his attorneys were ineffective for failing to raise the issue that the evidence was insufficient to make out the elements of first degree murder, specifically the specific intent element.

Rainey did not literally characterize his claim as counsel's failure to challenge the sufficiency of the evidence of shared intent in the state court, instead casting it as the "weight of the evidence."  When the Superior Court considered the ineffectiveness argument, it conflated weight and sufficiency.  It characterized Rainey's argument  as counsel's failure "to challenge the weight of the evidence since the Commonwealth failed to prove beyond a reasonable doubt that Rainey shared a specific intent to kill with the co-defendant who fired the fatal shot."  This characterization sounds a sufficiency tone.  A failure to prove an element of a crime beyond a reasonable doubt goes to sufficiency, not weight.  Thus, the Pennsylvania court was presented with and did consider Rainey's ineffectiveness claim as implicating the sufficiency of the evidence.

Indeed, the PCRA court later interpreted the Superior Court's ruling as one based on the sufficiency of the evidence.  It noted that the appellate court had found the evidence "sufficient to support the verdict."  *Commonwealth v. Rainey*, C. P. No. 9407-0834, op. at 3 (Nov. 2, 1999).

Rainey's attorneys did not raise either the weight or the sufficiency of the evidence. Nevertheless, the Superior Court did consider it in the context of the ineffectiveness claim, a federal constitutional claim, and then determined it was harmless error.  Though it did not

expressly so state, the state court appeared to decide the claim as a federal one or, at least, considered it as interwoven with one.  Thus, the claim has been exhausted.

Turning to the merits of Rainey's claim as he intended it and as it appears the Pennsylvania Superior Court considered it, I examine whether trial and appellate counsel were ineffective for failing to argue that the evidence was insufficient to sustain the conviction for first degree murder.  Specifically,  Rainey argues that his attorneys were deficient because they failed to raise the issue that the Commonwealth had not proven beyond a reasonable doubt that he had shared the specific intent to kill.

Because Rainey was not the shooter, he could have been convicted of first degree murder only  if he had shared the specific intent to kill the victim with his co-defendant who fired the fatal shot.  *See* 18 Pa.C.S. §§ 2501; 2502 (a, d); *Commonwealth v. Huffman*, 638 A.2d 961, 962 (1994); *Commonwealth v. Bachert*, 453 A.2d 931, 935 (1982).  Evidence that the fruits of the robbery and bullet casings matching the gun the co-defendant used to kill the victim were found in Rainey's home, although corroborative of the eyewitnesses' testimony that Rainey had participated in the robbery, did not supply sufficient evidence of shared intent.  The evidence offered by the Commonwealth to support its shared intent theory was supplied by Detective Maahs who testified that co-defendant Riley had told him that Rainey had organized the robbery and had provided the gun.  Rainey's role in the robbery as established by Maahs' hearsay testimony still did not provide sufficient evidence of a specific intent to kill the victim.[9]

The  Superior  Court,  on  two  occasions,  emphasized  the  overwhelming

_____

[9]The Superior Court, as the Commonwealth now and then argued, found that Maahs' testimony was harmless because it had been impeachment and not substantive evidence.  Yet, the state court used the same testimony as substantive evidence of petitioner's shared intent.

"uncontradicted evidence of guilt," without specifically referring to first degree murder, and concluded that counsel "cannot be considered ineffective for failing to raise a meritless claim." *Commonwealth v. Rainey*, 704 A.2d 1121 (Table), No. 3871 PHL 1995, slip op. at 8 (Pa. Super. Oct. 15, 1997) (unpublished opinion) (*Rainey I*); *Commonwealth v. Rainey*, 766 A.2d 891 (Table), No. 2362 EDA 1999, slip op. at 6 (Pa. Super. Sept. 11, 2000) (unpublished opinion) (*Rainey II*).   In affirming the denial of Rainey's PCRA petition in which he raised counsel's  ineffectiveness, the Superior Court stated:

> On direct appeal from the judgment of sentence, this Court stated that there was overwhelming evidence of guilt.  The evidence included the testimony of two eyewitnesses who testified that they saw [the petitioner] and the co-defendants commit the crime [robbery], and the police found store merchandise and matching bullet casings in [Rainey's] home.  Therefore, we find that the verdict was not against the weight of the evidence, and counsel cannot be considered ineffective for failing to raise a meritless claim.

*Rainey II* at 6 (citing *Rainey I* at 8).

None of the cited evidence establishes shared intent.  It does support a finding of Rainey's participation in a robbery that ended in a murder.  In other words, it was sufficient evidence of guilt of second degree felony murder, but not of first degree murder.

Under AEDPA, the state court's decision must stand unless (1) it was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) it was based on an unreasonable determination of facts in light of the evidence presented in the state court.   *Lam v. Kelchner*, 304 F.3d 256, 263 (3d Cir. 2002); 28 U.S.C. § 2254(d)(2).  For purposes of this analysis, the state court's factual determinations are presumed to be correct and can only be rebutted by clear and convincing evidence.  28 U.S.C.§ 2254(e)(1).

Under the "unreasonable application" prong of §2254(d)(1), "[a] federal habeas court

may not issue the writ simply because it concludes in its independent judgment that the state court applied clearly established law incorrectly." *Albrecht v. Horn*, 485 Fed.3d 103, 116 (3d Cir. 2007). Instead, the state court's application must be unreasonable as well as incorrect. *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

The state court applied the correct legal standard for assessing counsel's effectiveness as established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). However, it misapplied the sufficiency of the evidence standard. As a result, the analysis of the effectiveness claim was skewed. The state court's determination that there was overwhelming evidence of guilt of first degree murder, upon which it premised its finding that counsel's failure to argue a lack of sufficiency of evidence was harmless, was wrong in light of Pennsylvania's own law on shared intent and the Supreme Court's holding in *Jackson v. Virginia*.

The state court's reasoning may have been flawed, but the result was not. Had the sufficiency evaluation been performed properly, counsel's effectiveness would have been found deficient. However, there still would not have been any prejudice as a result of the deficiency.

Ineffective assistance of counsel claims are evaluated under the familiar two part standard established in *Strickland*. See *Williams v. Taylor*, 529 U.S. 362, 391 (2000). First, the petitioner must demonstrate that his attorney's performance was deficient, that is, "counsel's representation fell below an objective standard of reasonableness," considering all of the surrounding circumstances of the particular case and the facts viewed at the time of counsel's conduct. *Strickland*, 466 U.S. at 687-89. Second, he must show that the deficiency prejudiced his defense. *Id.* at 692. The prejudice prong requires a

14

showing that as a result of the deficient representation, a reasonable probability exists that the result of the proceedings would have been different. *Id.* at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id.* at 694. In other words, the prejudice component focuses on whether counsel's deficient performance renders the result of the proceedings unreliable or fundamentally unfair. *Williams*, 529 U.S. at 393, n.17.

The *Strickland* test for evaluating an ineffectiveness of counsel claim is clearly established federal law determined by the Supreme Court. *Jacobs v. Horn,* 395 F.3d 92 (3d Cir. 2005). Consequently, a state court evaluating an ineffective assistance of counsel claim must use the *Strickland* test. The Pennsylvania courts in Rainey's case did apply the *Strickland* analysis. Therefore, because the "contrary to" clause of the AEDPA *habeas* standard does not afford a ground for *habeas* relief, the state court's decision can be set aside only if it was based on an objectively unreasonable determination of the facts in light of the evidence.

When the state court correctly identifies the appropriate federal law but applies it unreasonably to the facts of the particular case, a petitioner is entitled to *habeas* relief. *Thomas v. Varner*, 428 F. 3d 491, 497 (3d Cir. 2005). Incorrect application of federal law is insufficient. Rather, it is an objectively unreasonable application of the facts that is the test. *Id.* The question then is whether the Pennsylvania court unreasonably applied the *Strickland* standard to the facts of Rainey's case. Answering this question requires an analysis of the ineffectiveness claim.

**The Deficiency Prong**

A reasonably competent attorney must know the state's controlling law. Accordingly, his performance is viewed in light of that law.

Pennsylvania law on shared specific intent as an essential element of first degree murder was well established at the time of Rainey's conviction and subsequent appeal. *Commonwealth v. Huffman*, 638 A.2d 961, 962 (Pa. 1994); *Commonwealth v. Bachert*, 453 A.2d 931, 935 (Pa. 1982). Competent counsel would have known that the prosecution's evidence was insufficient to sustain a first degree murder conviction. Yet, neither trial counsel nor appellate counsel raised the sufficiency issue.

There is a strong presumption that counsel's performance fell within the broad range of responsible professional representation. In other words, unless the petitioner proves otherwise, it is presumed that what counsel did or did not do was part of sound trial strategy. *Strickland*, 466 U.S. at 690; *Thomas*, 428 F.3d at 499. A petitioner may overcome the presumption by showing either that the proffered strategy was not the motivating factor, or that the conduct could not have been part of a sound strategy. *Thomas*, 428 F.3d at 499. Where the reason for the conduct is unexplained, the petitioner must demonstrate that no acceptable strategy suggested by the prosecution could have supported the conduct. *Id.* at 500.

There is no strategic reason to explain defense counsel's failure to challenge the sufficiency of the evidence. Where a defendant did not fire the fatal shot, he had to have shared the specific intent to kill the victim with the shooter to sustain a first degree murder conviction. Accordingly, where the defendant was not the killer and where the evidence of shared intent is lacking , counsel's failure to challenge a first degree murder conviction

in a felony murder context is deficient.[10]

Where counsel's deficiency has been demonstrated, the question is: did counsel's failure to raise a challenge that the verdict was against the sufficiency of the evidence prejudice Rainey.

The burden is on the petitioner to establish that counsel's performance prejudiced him. *Marshall*, 307 F.3d at 89 (citing *Strickland*, 466 U.S. at 687). Prejudice requires a showing that "the result of the proceeding would have been different" had counsel performed competently. *Strickland*, 466 U.S. at 694.

The magistrate judge's conclusion that the intent to kill could not be inferred from the evidence presented at trial is correct. However, contrary to the magistrate judge's finding, the petitioner suffered no prejudice. There was sufficient evidence to sustain a second degree murder conviction which carries the same sentence - life imprisonment. Had counsel clearly raised a sufficiency of the evidence objection, it is unlikely that the PCRA court and the Superior Court would have vacated the petitioner's first degree murder conviction and granted a new trial because the result was not fundamentally unfair. Thus, the prejudice prong is not met, and the state court's decision was not unreasonable.

### Harmless Error

Rainey was prejudiced to the extent that he was improperly convicted of first degree murder. He was not prejudiced with respect to his term of imprisonment. Thus, if there were any constitutional error, it was harmless.

The jury clearly found that Rainey was guilty of robbery and the murder was

---

[10] In *Strickland*, the Supreme Court stated that a court may approach the ineffectiveness inquiry in any order if the petitioner makes an insufficient showing on one of the two prongs. 466 U.S. 697.

committed in the course of that robbery.  Although the evidence may not have been sufficient to sustain a first degree murder verdict, it was sufficient for a second degree felony murder conviction.  Had Rainey been sentenced to death on the first degree murder conviction, the error would not have been harmless.  He  was sentenced to life on the first degree murder conviction, the same sentence he would have received had he been convicted of second degree murder.  Thus, he suffered no prejudice as a consequence of any failure of counsel to raise the sufficiency issue; and, even if there had been any constitutional error, there was no substantial and injurious effect as a result.  See, *Fry v. Pliler*, ____U.S. ____; 127 S.Ct. 2321 (2007).

### Conclusion

Rainey's detention is not unlawful because there was ample evidence to sustain a conviction for second degree murder which carries the same penalty as the first degree murder conviction.  His detention is not affected by any failure of counsel.  Therefore, the petition for habeas relief will be denied.

18